**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-62555-STRAUSS**

**GARRETT EVAN FELDMAN,**

Plaintiff,

v.

**SKIP BIAGIONI and CORAL SPRINGS POLICE DEPARTMENT,**

Defendants.

______________________________________/

# ORDER

THIS MATTER came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion") [DE 3]. Because Plaintiff seeks leave to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply here. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court will deny the Motion without prejudice and require Plaintiff to file an amended complaint because the current complaint fails to state a claim on which relief may be granted. Plaintiff's Complaint indicates that Plaintiff is bringing claims for violations of his constitutional and civil rights. *See* [DE 1] at 2. However, it fails to include enough factual allegations to raise a plausible inference that Defendants are liable.

Although Plaintiff's Complaint does not make it clear, Plaintiff is presumably bringing an action under 42 U.S.C. § 1983—based on the allegations that Defendants, who appear to be a

police officer and the Coral Springs Police Department, have violated Plaintiff's constitutional and civil rights. *See* [DE 1] at 1-3. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted); *see also Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) ("Section 1983 is 'a method for vindicating federal rights elsewhere conferred,' not 'a federalized amalgamation of pre-existing common-law claims.'" (internal citations omitted)). It requires a plaintiff to "identify the specific constitutional right allegedly infringed." *Jones v. Comm'r, Ga. Dep't of Corr.*, 811 F.3d 1288, 1294 (11th Cir. 2016) (quoting *Albright*, 510 U.S. at 271). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived it of a right protected by the Constitution or by a federal statute." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019); *see also Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." (citations omitted)).

Here, Plaintiff appears to challenge "Defendants' conduct during and following [his] traffic stop, arrest, detention, transportation, booking, and processing, including the handling of [his] vehicle and personal property and the collection and processing of identifying and biometric information." [DE 1] at 1. Yet Plaintiff does not include any supporting factual allegations to describe the challenged conduct or explain what happened. Plaintiff also does not make clear what federal rights he believes Defendants allegedly violated. Vaguely gesturing at an incident and one's federal rights as a whole is insufficient to state a plausible claim for relief under § 1983. The closest Plaintiff gets to alleging what right Defendants violated is by noting that he seeks damages

for "[f]alse arrest / initial unlawful seizure." *See id.* at 6. While "[a]n arrest without probable cause violates the Fourth Amendment," *Brown v. City of Huntsville*, 608 F.3d 724, 734 n.15 (11th Cir. 2010) (citing *Madiwale v. Savaiko*, 117 F.3d 1321, 1324 (11th Cir.1997)), Plaintiff's allegations are not enough because it is unclear whether Plaintiff is alleging that Defendants lacked probable cause. Even if Plaintiff did allege that Defendants lacked probable cause, the allegations are too vague and conclusory to raise a plausible inference that Defendants are liable.

Lastly, a police department is not a proper legal entity and thus cannot be sued under § 1983; the proper defendant would instead be the city rather than its department. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *cf. Perez v. Aventura Police Dept.*, No. 25-CV-23196, 2025 WL 2774428, at *3 (S.D. Fla. Sept. 5, 2025) ("[E]ven if Plaintiff brought a plausible claim . . . , he cannot sue the Aventura Police Department under § 1983."), *report and recommendation adopted*, 2025 WL 2762481 (S.D. Fla. Sept. 26, 2025). To the extent that Plaintiff meant to sue the named officer and the City of Coral Springs, "[a] municipality may be held accountable in damages for the conduct of a particular governmental actor only when the plaintiff shows that the execution of the municipality's official 'policy' or 'custom' effectively was the cause of the complained of injury." *McCants v. City of Mobile*, 752 F. App'x 744, 748 (11th Cir. 2018) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-94 (1978)).

Nevertheless, the Court will provide Plaintiff with an opportunity to file an amended complaint. If Plaintiff chooses to file an amended complaint alleging a § 1983 claim against Defendants, he must include enough factual allegations to plausibly show that Defendants violated specified federal rights. Alternatively, if Plaintiff chooses to file an amended complaint asserting

other claims against Defendants (instead of a § 1983 claim), he must include allegations to show that this Court has jurisdiction, in addition to alleging sufficient facts to support his claims.[1]

Any amended complaint must comply with the Federal Rules of Civil Procedure.[2] In accordance with Rule 8, a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

[1] While the Court has jurisdiction over a § 1983 claim under 28 U.S.C. § 1331, the Court would not have subject-matter jurisdiction over state law claims (such as a false imprisonment claim under state law) unless the amount in controversy exceeds $75,000 *and* Plaintiff and Defendants are citizens of different states. *See* 28 U.S.C. § 1332. In other words, if Plaintiff is domiciled in Florida, and any Defendant is a citizen of Florida, this Court would not have diversity jurisdiction under § 1332.

[2] The Court recognizes that Plaintiff is *pro se* and that *pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

U.S. 662, 678 (2009). Additionally, under Rule 10, a plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

For the reasons discussed above, it is **ORDERED and ADJUDGED** that:

1. The Motion [DE 3] is **DENIED WITHOUT PREJUDICE**.

2. By **November 12, 2026**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint, including, but not limited to, the deficiencies addressed above)—to the extent Plaintiff can state a claim over which this Court has jurisdiction. Failure to file an amended complaint in accordance with this Order may result in dismissal of this action without further notice.

3. By **November 12, 2026**, Plaintiff shall pay the filing fee of $405 or file a renewed motion to waive the filing fee. Any renewed motion must be prepared using Form AO 239, must contain complete and accurate information, and must be signed under penalty of perjury. Failure to pay the filing fee or file a renewed motion to waive the filing fee in accordance with this Order may result in dismissal of this action without further notice.

4. Plaintiff provided an address of "[g]eneral delivery" in West Palm Beach. *See* [DE 1] at 4. It is unclear to the Court whether Plaintiff can reliably obtain mail from the Court at the provided address. Plaintiff is reminded that it is his obligation to provide the Clerk of Court with an up-to-date address at which he can be reached so that he can keep himself apprised of recent orders from the Court.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of October 2026.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**